IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK J. WATSON | ) | |
| | ) | |
| V. | ) | 3-05-CV-07-H |
| | ) | |
| BANK OF AMERICA, | ) | |
| EMPLOYMENT & TRAINING | ) | |
| ADMINISTRATION (DOL), ET AL | ) | |

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order filed on January 20, 2005, and the provisions of 28 U.S.C. § 636(b) came on to be considered the United States of Labor, United States Department of Homeland Security and United States Department of State (hereinafter the United States)'s Motion to Dismiss filed on March 21, 2005, and Plaintiff's Motion for Sanctions filed on April 14, 2005, and having considered the relevant pleadings, the magistrate judge finds and recommends as follows: [1]

FINDINGS AND CONCLUSIONS:

Background of the Dispute: Based upon the pleadings and other information contained in the pleadings filed in this action and in the appendices filed by the parties, it appears that Mark J. Watson applied for positions of employment with Defendant Bank of America, but was not hired[2].

---

[1] A hearing was set pursuant to the magistrate judge's notice letter dated April 21, 2005. However, the court did not require the appearances of Plaintiff or counsel for Defendants. Neither Mr. Watson, personally or through counsel, nor counsel for Bank of America appeared at the hearing.

[2] Watson's petition is devoid of any specific allegations of fact identifying the acts or omissions attributable to any of the federal agencies. Some skeletal information with respect to Watson's interaction with Bank of America is set out in Exhibit B to the government's brief filed on May 12, 2005, in response to the court's invitation set out in the April 21, 2005, notice letter.

Watson claimed that Bank of America engaged in wrongful conduct on May 23, 2002, June 25, 2002, and August 29, 2002.  <u>See</u> Exhibit B to government brief filed on May 12, 2005, at page 3.

<u>Findings and Conclusions</u>: It is self evident that Watson's live pleadings, i.e. his petition for judicial review, his original brief in support thereof and his original declaration filed on January 3, 2005, even under the most liberal construction, fail to comply with Rule 8 (a), Federal Rules of Civil Procedure.  The deficiency is further compounded by the fact that although Watson identifies one private entity and three United States cabinet departments as Respondents (adverse parties), repeatedly in his pleadings Watson uses the term "Respondent" without identifying the entity to which he refers.  Therefore, the government's motion to dismiss predicated on Watson's failure to comply with the requirements of Rule 8 (a), Federal Rules of Civil Procedure, is meritorious.  Ordinarily in accordance with the liberal amendment policy set out in Rule 15, Federal Rules of Civil Procedure, a plaintiff/petitioner should be given an opportunity to file an amended complaint/petition.  However, in the present action there are no circumstances under which Watson can recover any monetary damages against Bank or America or obtain judicial review of the actions of the component divisions of the United States Department of Labor or of any acts or omissions of the Department of Homeland Security and/or the United States Department of State.

The present action is one of three brought by Mark J. Watson.  A prior action filed in No. 3-04-CV-578-K was dismissed on order of the District Court filed on July 29, 2004.  A second prior action was referred to the undersigned magistrate judge and on this date the magistrate judge has filed a recommendation in <u>Watson v. Electronic Data Systems, et al</u>, No. 3-04-CV-2291-H, recommending that Watson's action be dismissed because the provisions of 8 U.S.C. § 1182(n)

create no private cause of action for damages[3] and because the decision of the Administrator of the Wage and Hour Division not to conduct an investigation of Watson's complaint against EDS is not an agency decision which is subject to judicial review under the Administrative Procedure Act (APA).  The same bars apply with equal force to Watson's complaint in the present action.

In addition to the fact that the Administrator's decision is not subject to judicial review, See 5U.S.C. § 701 (a)(2), there are two additional factors which are undisputed in his complaints with respect to Bank of America.

Watson's administrative complaint filed with the Wage and Hour Division complained of the bank's refusal to hire him for three employment positions for which he applied.  As distinguished from the fact of his prior employment with EDS, he was never employed by Bank of America.  Insofar as he purports to invoke the complaint provisions of § 1182(n) to complain of the bank's refusal to hire him, it is clear that he failed to follow the appropriate administrative procedures.

An aggrieved individual who applied for a position, but was rejected by a prospective employee, whose H-1B application failed to satisfy the specified requirements or which contained misrepresentations, is required to file a complaint with the Attorney General of the United States.  See 8 U.S.C. § 1182(n)(5)(B).  There is no indication that Watson complied with the statutory requirement or with regulations promulgated for such purposes.  Moreover, any ultimate determination by the Attorney General is subject to review only in an appropriate United States court of appeals.  § 1182 (n)(5)(D)(iii).  See also Government's Exhibit B, supra, at page 3, n.4.

---

[3]As in Watson's grievances against EDS, there is no indication that he ever filed an EEOC complaint against Bank of America.  The initial "complaint" against the alleged conduct of the bank appears to be an action filed in a Dallas County Small Claims Court on or about May 31, 2002, which an administrative law judge found not to be in compliance with the applicable statute or regulations (See Government's Exhibit B, supra, at page 23).

In addition an administrative law judge, who reviewed Watson's complaints against Bank of America, found that Watson failed to submit a complaint within one year of the alleged violation. See Government's Exhibit B, supra, at pages 22-25.  8 U.S.C. § 1182(n)(2)(A) expressly provides that: "No investigation ... shall be conducted on a complaint concerning ... a failure [to meet an application requirement] or misrepresentation unless the complaint was filed not later than 12 months after the date of the failure or misrepresentation ..." (Emphasis added).  See also 20 C.F.R. § 655.806(a)(5).[4]

Watson has been granted leave to proceed in forma pauperis in this case as well as in his action against EDS.  Since he has been relieved of the obligation of tendering the required filing fees, 28 U.S.C. § 1915 applies to his complaint/petition.  Because of the court's obligation to apply a liberal construction to the pleadings of a pro se litigant and given the rather esoteric nature of his claims, the undersigned magistrate judge in the "EDS case" and the magistrate judge formerly assigned to the present action previously granted his requests to proceed in forma pauperis and ordered process to be served.  However, § 1915(e)(2) provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof that might have been paid, the court shall dismiss the case at any time if the court determine that -
> (B) the action or appeal -
>     (i) is frivolous or malicious; [or]
>     (ii) fails to state a claim on which relief may be granted.

---

[4] As reflected in the ALJ's decision, the untimeliness of Watson's compliant was an alternative basis on which the decision against Watson was predicated.  The primary basis, see Exhibit B, at pages 12-20, lack of jurisdiction, was the sole basis for the Department of Labor, Administrative Review Board's dismissal of Watson's complaint against Bank of America as well as those against EDS.  See magistrate judge's recommendation in Watson v. EDS, No. 3-04-CV-2291-H, Attachment 1.

4

As set out above, § 1182 (n) does not provide for a private cause of action against a prospective employer that fails or refuses to hire an American citizen job applicant. Further, the APA does not provide a basis for judicial review of the Administrator's decision not to investigate a complaint concerning alleged discrepancies or misrepresentations in an H-1B non-immigrant worker application, particularly when the alleged complaint was not timely filed in accordance with the statute and regulations.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court find that Watson's complaint/petition is frivolous,[5] and that it fails to state a claim on which relief may be granted, and that judgment be entered dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[6]

It is further recommended that the District Court under separate order direct the Clerk of Court not to file any further pleadings submitted by Mark J. Watson complaining of acts or omissions of Electronic Data Systems, Bank of America and/or any federal agency based upon the provisions of 8 U.S.C. § 1182(n), unless the pleadings are accompanied by a motion for leave to file

---

[5] The magistrate judge does not question the subjective belief of Mr. Watson that the H-1B non-immigrant worker program, as provided in 8 U.S.C. § 1182(n) and as implemented deprived him and other United States citizens of employment and/or job opportunities. However, these are matters within the purview of the Congress, not the judicial branch.

[6] For the reasons stated above it is recommended that Watson's motion for sanctions be dismissed as moot or in the alternative denied.

such an action and which has been granted by a judge of this court.

A copy of the recommendation shall be transmitted to Plaintiff and counsel for the Defendants/Respondents.

SIGNED this 7th day of June, 2005.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.